*19 OPINION.
Van Fossan :
The amount of, and the right to, the deduction from gross income, are not in controversy. The parties differ only as to the year in which the deduction is allowable. Petitioner contends that its liability became fixed'for the first time by its acceptance of the compromise adjustment made in 1921 and that deduction may be taken in that year. The respondent contends that petitioner’s liability relates to 1920, at the time of billing charges not authorized by the contract; that the adjustment in 1921 was only a bookkeeping correction and that, accordingly, the deduction must be taken in 1920.
The deduction arises from the adjustment in 1921 of billings covering work performed under the March 1, 1919, contract from the beginning to the date of the adjustment. The billings were rendered and paid semimonthly. Although the Fisher Company did not exercise its right to make an independent detailed audit of petitioner’s cost records prior to July, 1921, it examined the records and checked the invoices upon the completion of each order. The billings were rendered by petitioner in accordance with its understanding of the contract and were accepted as correct by. the Fisher Company until the audit was begun in July, 1921. After this audit — a complete check by its new auditor of all work completed to date — the Fisher Company for the first time questioned the invoices that had been rendered and paid. Then it claimed that the items billed by petitioner included prices for lumber, and expense and overhead charges which were not allowable under the contract, and claimed a credit for the excess payment. Petitioner and the Fisher Company after some negotiations, agreed to a compromise adjustment and petitioner credited $149,713.30 to the Fisher Company in October, 1921.
The credit is clearly the result of a compromise and settlement of conflicting interpretations of the contract, which conflict first arose in the year 1921. Prior to the July, 1921, audit there was no disagreement or controversy between the parties over the terms of the contract or the construction placed- thereon. Until that time they were apparently in entire accord. No suggestion, intimation or claim of excessive billing was made at any time prior to July, 1921. Then for the first time petitioner received' notice that its invoices were questioned and its charges disputed.
The amount of ■ the adjustment was first fixed in 1921. The assertion of the claim alone did not impose or establish the liability. Not until petitioner and the Fisher Company agreed to the adjustment, with the resulting credit, did liability therefor become fixed and ascertained. Until the adjustment and credit were agreed to and made not only the amount thereof; but also the liability there *20 for was undetermined. Russel Wheel & Foundry Co., 3 B. T. A. 1168. Nor could petitioner have set up a reserve to meet this rebate and deducted it from 1920 income, no liability to reimburse the Fisher Company having been established or even claimed. Consolidated Asphalt Co., 1. B. T. A. 79. It is not material that the expense incurred or the liability arises from the same contract or circumstances which produces the income. Uvalde Co,, 1. B. T. A. 932. And this is true although the contract provides that an audit may be made at any time and that the compensation shall be adjusted in accordance with the audit. Such a provision does not defer or postpone the receipt or accrual of income under the contract. (Mesta Machine Co., 12 B. T. A. 523), and any adjustment that is made as a result of the audit does not revert to the year in which the income was received or accrued.
As we view the record in this case, the contention of the respondent that the liability was fixed in 1920, and that the deduction is to be taken only in that year, because petitioner must have known that its billings included charges not allowable under the contract, is without merit. Petitioner rendered bills in accordance with its understanding of the contract, which apparently was acquiesced in by the Fisher Company until July, 1921. The existence of a cause of action or facts upon which a claim for compensation may be asserted is not determinative of liability.
The credit of $149,713.30 to the Fisher Company in October, 1921, is deductible in the taxable year 1921. The respondent erred in refusing to allow its deduction from income of the year 1921 and in applying the same against income of the year 1920.
Reviewed by the Board.

Judgment will he entered under Rule 50.